FILED IN THE ALASKA TRIAL COURTS ON 5/26/2026

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA THIRD
JUDICIAL DISTRICT AT ___ANCHORAGE___

NAME: __MATTHEW A. TENNANT__
MAILING ADDRESS: __822 CHERRY ST. ANCHORAGE, AK 99504__

TELEPHONE NUMBER: __(907) 885-9002__

FILED in the Trial Courts
State of Alaska Third District

MAY 27 2026

Clerk of the Trial Courts
By____UDT____Deputy

MATTHEW A. TENNANT
WE THE PEOPLE
PEOPLE VS STATE, AUTHORITIES      Plaintiff,
, vs.
RICHARD E. DIENES-OEHM
AWWU, JOHN SNELSON,
AWWU, LUCAS CLEEK,
AWWU, SANDRA OVITT,
AWWU, VICTOR P,      Defendant,
AWWU, GREGORY SOULE,
SCOTT CAMPBELL

Case No. 3AN- __26-06049__ CI

AMENDMENT
**Complaint**

1. CODE COMPLIANT CONTRADICTION ~~ELECT.~~

2. CONSTITUTIONAL VIOLATION

3. FORCED DIG/CAP/CONTRIBUTION

4. UNNECCESSARY PERMIT WTH HOLDING/CONTROLL

5. UNAUTHORIZED PRIVATE WORK

6. BRANCHING CONTRADICTION W/ THEIR OWN POLICY

7. TAKING CLAUSE OF EASEMENT. 5TH AMMENDMENT VIOLATION.

8. BLACKMAIL & EXTORTION

9. PERMIT WITHHOLDING

10. LICENSE WITH HOLDING

Date: __5-26-2026__      Signature: _____

I certify that on the following date: __05/26/2026__ a copy of this Answer and
the following attached documents were mailed/hand delivered to:
Opposing Party: __AWWU & STATES__ Opposing Lawyer: _____
Other: __JOHN SNELSON__

Your signature: _____

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

Matthew A. Tennant
     Plaintiff
     v.

Scott Campbell et. al
     Defendant

Case Number: 3AN-26-06849 CI

## MOTION FOR RELEASE OF PROFESSIONAL LICENSE

The record reflects that the continued retention or restriction of the license creates immediate and irreparable harm, including loss of employment opportunities, economic hardship, professional damage, and interference with Matthew's ability to lawfully practice his profession. Such harm cannot be adequately remedied through delayed relief alone.

Additionally, fundamental fairness and the interests of justice require judicial review of the Municipality's actions to determine whether the restraint of the license was arbitrary, capricious, procedurally defective, unsupported by substantial evidence, or imposed in violation of constitutional protections, applicable statutes, administrative regulations, and due process safeguards.

Accordingly, good cause exists for the Court to order the immediate release, reinstatement, and restoration of Matthew's professional license pending full adjudication of the matter, and for any further relief the Court deems just and proper.

Dated: May 27, 2026

Respectfully submitted,

Matthew A. Tennant

EXHIBIT A

Name: MATTHEW A. TENNANT

Mailing Address: 822 CHERRY ST. ANCHORAGE, AK 99504

Email: matthewatennant@me.com        Phone: (907) 885-9002

By providing an email address, I agree that the court and other parties can send court documents to me at this email address.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
AT _ANCHORAGE_

FILED in the Trial Courts
State of Alaska Third District

MAY 27 2026

Clerk of the Trial Courts
By _DT_ _____ Deputy

MATTHEW A. TENNANT
_____ Plaintiff(s),

vs.

SCOTT CAMPBELL et. al
_____ Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

CASE NO. _3AN-26-06849 CI_

MOTION FOR _EMERGENCY ORDER TO RELEASE OF PROFESSIONAL LICENSE_

I, _MATTHEW A. TENNANT_, request that:

MY PROFESSIONAL LICENSE W/ LICENSE NUMBER 220535 BE RELEASED.

This request should be granted, because: [*Include any statutes, court rules, court decisions and any facts that support granting the request*]

THE CONTINUED WITHHOLDING, SUSPENSION, RESTRICTION, OR REFUSAL TO RELEASE MATTHEW'S PROFESSIONAL LICENSE BY THE MUNICIPALITY CONSTITUTES SUBSTANTIAL INTERFERENCE WITH HIS LAWFUL RIGHT TO WORK, EARN A LIVING, MAINTAIN EMPLOYMENT, SUPPORT HIS FAMILY, & EXERCISE PROTECTED LIBERTY & PROPERTY INTERESTS W/O DUE PROCESS OF LAW. USED BLACKMAIL, COERSION & EXTORTION. PREVENTS OBTAINING LICENSE BY USE CONTROL PROCEDURE TO BYPASS DUE PROCESS & NEUTRAL FOR CONTROL OF LICENSE. THE STAFF STATED, "PAY FINE, NO LICENSE."

[*Attach extra pages if necessary.*]

I certify that all statements in this motion and any attachments are true to the best of my knowledge and belief.

MAY 27, 2026
_____
Date

_Matthew_ _____
Signature

Page 1 of 2
CIV-805 (5/26)
MOTION

Case 3:26-cv-00236-SLG    Document 1-1    Filed 06/16/26    Page 3 of 21    EXHIBIT A

*[You must sign this in front of a notary. A court clerk can provide this notary service for you for free. Bring a photo ID with you for the notarization. If you do not have access to a notary or court clerk, attach "Self-Certification (No Notary Available)," form TF-835.]*

I swear or affirm that everything I wrote in this motion is true to the best of my knowledge.

_____
Your Signature

Subscribed & sworn to or affirmed before me at **Anchorage**___, Alaska on **05/27/2026**

**WTa**_____
Court clerk, notary public, or other person authorized to administer oaths. My commission expires: __N/0___

## SERVICE INSTRUCTIONS

**You must give a copy of this form (and everything attached to it) to every party in the case.** This is called "service."

**Use TrueFiling to serve the other party if:**
- Both you and the other party are using TrueFiling.
- You are using TrueFiling and the other party gave their email address to the court.

**Use the Certificate of Service below if:**
- The other party is not using TrueFiling and did not give their email address to the court.
- TrueFiling is not available - check TrueFiling availability at https://ak-courts.info/tfcourts
- You are exempt from using TrueFiling.

---

### Certificate of Service

I certify on __May 27__ at __9 AM__ *[date/time]* I gave a copy of this document **and** any attachments by ☐ mail. ☐ hand-delivery. ☐ TrueFiling. ☐ email. *[You can only use email if the other party provided an email address to the court].*
I served these people: __MOA & State of Alaska et al__

Signature: _____

---

## NOTICE TO OTHER PARTIES

**You have the right to file a response to this motion. You usually have 10 days (13 days if mailed) from the date of service to file a response to this request, unless the judge ordered a different timeline. See Civil Rule 77(c)(2) for other exceptions.
You may use *Response to Motion (Request)* (form TF-707) to file your response.**

Court forms are available online at https://courts.alaska.gov/forms/index.htm

Court rules are posted electronically at https://courts.alaska.gov/rules/index.htm

Case 3:26-cv-00236-SLG    Document 1-1    Filed 06/16/26    Page 4 of 21   EXHIBIT A

09/30/2026

**Mailing Address:**

ANCHORAGE, AK, UNITED STATES

**Public Note:**

Held previous license 151013.

*Primary Source verification: License information provided by the Alaska Division of Corporations, Business and Professional Licensing, per AS 08 and 12 AAC.

# Owners

| | |
|---|---|
| **Owner Name:** | Intel Electric LLC |
| **Entity Number:** | 10153599 |

# Relationships

| | |
|---|---|
| **Title:** | Electrical Administrator Assignee |
| **License/Entity #:** | EADE1903 |
| **Name:** | JOEL COLLINS |
| **License Status:** | Active |
| **Expiration Date:** | 12/31/2027 |

# Designations

| | |
|---|---|
| **Type:** | Electrical |
| **Group:** | Specialties |
| **Start Date:** | 10/14/2024 |
| **End Date:** | 09/30/2026 |
| **Type:** | Rough Carpentry |

Case 3:26-cv-00236-SLG    Document 1-1    Filed 06/16/26    Page 5 of 21   EXHIBIT A

# DEMAND FOR PERMIT DETERMINATION, WRITTEN BASIS, AND APPEALABLE DECISION

**To:** Richard, Permitting Manager
Municipality of Anchorage — Development Services / Building Safety

**Cc:** Building Official; Development Services Director; Municipal Attorney; All Employees Involved

**From:** Matthew Tennant
Intel Electric Specialty Contractor
License No. 220535

**Date:** May 13, 2026

**Re:** Refusal, Delay, or Conditional Withholding of Permit Under Licensed Business Name

---

Richard and all parties involved,

This letter places the Municipality of Anchorage ("MOA"), Development Services, Building Safety, and all participating employees on formal notice regarding the refusal, delay, obstruction, or conditional withholding of permit issuance under my licensed business name.

MOA has stated, in substance, that a fine must be paid before the permit will be issued. If MOA claims authority for that position, MOA shall identify the exact written legal authority supporting the refusal, fine, permit hold, and conditional release of the permit.

A lawful permitting process must operate within constitutional limits, written law, due process, and reviewable procedure. Permit systems exist for lawful safety administration — not as open-ended discretionary barriers, coercive leverage, or unauthorized revenue extraction mechanisms.

If MOA claims lawful authority exists for the current conduct, MOA shall produce that authority in writing.

---

## 1. REQUIRED WRITTEN AUTHORITY

MOA shall immediately provide:

## 3. VIOLATIONS AND LEGAL EXPOSURE PLACED ON RECORD

Based on the conduct described above, MOA's actions place the following issues on record:

1. Refusal or obstruction of permit processing without written determination;
2. Failure to provide written notice;
3. Obstruction of appeal rights through absence of written decision;
4. Conditioning permit access upon payment without producing written authority;
5. interference with lawful business activity;
6. interference with lawful property use and development;
7. arbitrary or capricious administrative action;
8. due-process concerns under the Alaska Constitution and United States Constitution;
9. potential civil-rights exposure under 42 U.S.C. § 1983 if conduct continues after notice without lawful authority being produced.

A permit system exists to administer lawful safety standards. It may not lawfully become an undefined or coercive barrier disconnected from written authority and reviewable process.

## 4. DAMAGES AND CONSEQUENCES AFTER NOTICE

This notice gives MOA final opportunity to cure before legal action is filed.

Once notice is received, continued refusal, delay, conditioning, or obstruction without written authority creates direct damages and legal exposure.

Damages include, without limitation:

1. lost contract income;
2. lost work opportunities;
3. labor standby costs;
4. project delay damages;
5. customer-related losses;
6. financing and carrying costs;
7. administrative expenses;
8. legal preparation costs;
9. reputational harm;
10. interference with lawful business activity;
11. interference with lawful property use;

- permit issuance;
- produced authority; or
- appealable written denial.

No lawful process should leave an applicant trapped in indefinite administrative limbo without written determination or review access.

---

## 7. FINAL DEMAND

**Produce the law. Issue the permit. Or face filed legal action, including claims for injunctive relief, declaratory relief, damages, civil-rights violations, unlawful exaction, and all other remedies available under law.**

All rights, claims, damages, objections, constitutional protections, administrative remedies, and lawsuit rights are expressly reserved.

Respectfully,

Matthew Tennant
Intel Electric Specialty Contractor
License No. 220535
907-885-9002
matthewatennant@me.com

EXHIBIT A

# CONTRACTOR'S LICENSE APPLICATION SUBMITTAL

CHECK ONE: ✓ ☑ Renewal ☐ **New**

☐ Change of name or ownership
Former name: _____

MAY 19 2026
$470 — RED
CON 12951
AUTH # 025720.

1. Date of application: 5-20-2026

2. 720 West 58 Ave
   Name of business (name as it appears on your state contractor's license)

3. Mailing address: _____

   City: Anchorage        State: AK    Zip: 99504

4. Phone number: 907·885 9002        Fax number: _____

   Cell number: _____    E-mail: matthewaTennce@mu.com

## 5. **Provide** a copy of your current

## State Of Alaska Construction & Administrator License.

### (**NOT Business license**)

**State** Contractor's License Number: 220535    Expiration Date: 09-30-2026

6. If applicable, attach a copy of your **State of Alaska Electrical Administrator's License.**

   Admin Name: Joel Collins        License #: E9DC 1903

   Expiration Date: 12-31-2027        Phone #: _____

7. If applicable, attach a copy of your **State of Alaska Mechanical Administrator's License.**

   Admin Name: _____    License #: _____

   Expiration Date: _____    Phone #: _____

MOA DEV SVCS PMT CHRGS

MOA DEV SVCS PMT CHRGS

Date: 05/19/2026     11:57:20 AM

        CREDIT CARD SALE


VISA
CARD NUMBER:     **********1216 K

TOTAL AMOUNT:        $470.00

APPROVAL CD:     025720
RECORD #:        000
CLERK ID:        PWRED
Permit/Dept Number: CON12951 RENEWAL
Customer ID: 3000


        Customer Copy

 EXHIBIT A

```
MOA DEV SVCS PMT CHRGS FEE

MOA DEV SVCS PMT CHRGS FEE

Date: 05/19/2026     04:58:23 PM

          CREDIT CARD SALE


VISA
CARD NUMBER:        **********1216 K

TOTAL AMOUNT:         $12.93

APPROVAL CD:       025823
RECORD #:          000
CLERK ID:          PWRED
Permit/Dept Number: CON12951 RENEWAL CC SVC FEE
Customer ID: 3000


          Customer Copy
```

EXHIBIT A

# NOTICE OF LAW VIOLATIONS, BLACKMAIL MECHANISM, AND DEMAND TO RELEASE LICENSE AND COFFEE SHOP PERMIT

Matthew Tennant / Intel Electric & Specialty Contracting - Constitutional and Administrative Position

## EXECUTIVE POSITION

MOA and Richard Belo are hereby placed on notice. The license hold and coffee shop permit hold are identified as unlawful enforcement mechanisms because they convert an unproven accusation into a payment demand and a work/livelihood blockade.

The command being imposed is: Pay the alleged violation and get your license. That is the blackmail mechanism. It holds labor, license, livelihood, and permit release over a man's head before due process is complete.

This document identifies the laws, constitutional provisions, and statutory exposure created by that conduct. The demand is direct: produce the complete lawful due process record or release the license and coffee shop permit immediately.

## AUTHORITY DIFFERENCE - CONSTITUTIONAL AUTHORITY VS MUNICIPAL/ADMINISTRATIVE AUTHORITY

Constitutional authority is controlling authority. Municipal authority is delegated authority. Administrative authority is process authority only.

MOA does not own labor. MOA does not own the right to work. MOA does not convert an unproven accusation into lawful debt by holding a license or permit.

The authority order is: Constitution first; statute second; municipal code third; administrative policy last. Any municipal action that deprives liberty, property, labor, license, or livelihood before due process violates superior law.

## BLACKMAIL / EXTORTION MECHANISM IDENTIFIED

The blackmail mechanism is: Pay the alleged fine and get your license.

That mechanism uses government control over license and permit release to force payment of an unproven accusation. The accusation has not been adjudicated. The fine has not become a lawful judgment. The alleged violation has not been proven through notice, evidence, hearing, neutral review, written findings, and appeal rights.

This is not lawful process. This is coercive pressure. This is the use of official leverage to obtain payment or compliance before lawful adjudication. The closest Alaska criminal-law category implicated by that pressure mechanic is AS 11.41.520 - Extortion, depending on proof of each statutory element. The official-power category implicated is AS 11.56.850 - Official Misconduct.

## DUE PROCESS VIOLATION - ALASKA CONSTITUTION ARTICLE I, SECTION 7

Law violated: Alaska Constitution, Article I, Section 7 - Due Process.

MOA deprived and burdened license, permit, labor, livelihood, business operation, and property interests before completing lawful due process.

The unlawful sequence is: accusation -> presumed guilt -> payment demand -> license hold -> permit hold.

The lawful sequence is: notice -> evidence -> hearing -> neutral decision-maker -> written findings -> appeal rights -> lawful enforcement.

## DUE PROCESS VIOLATION - U.S. CONSTITUTION FOURTEENTH AMENDMENT

Law violated: U.S. Constitution, Fourteenth Amendment - Due Process Clause.

Case 3:26-cv-00236-SLG    Document 1-1    Filed 06/16/26    Page 12 of 21    EXHIBIT A

A local government actor acting under municipal authority shall not deprive liberty or property interests without due process of law. A license hold and permit hold strike occupational liberty, property interests, business operation, and livelihood.

## DEPRIVATION UNDER COLOR OF LAW - 42 U.S.C. SECTION 1983

Law implicated: 42 U.S.C. Section 1983 - Civil action for deprivation of rights under color of law.

When a municipal actor uses official authority to deprive constitutional rights, labor, license, permit access, property interests, or due process protections, the conduct creates civil-rights exposure under color of law.

The actionable conduct identified here is the conversion of an unproven accusation into a payment condition, license hold, and permit hold.

## FEDERAL CRIMINAL CIVIL-RIGHTS EXPOSURE - 18 U.S.C. SECTION 242

Law implicated: 18 U.S.C. Section 242 - Deprivation of rights under color of law.

If a public official willfully deprives a person of rights protected by the Constitution while acting under color of law, federal criminal exposure may be implicated. This section is identified as exposure based on the due process deprivation and official coercion pattern.

## OFFICIAL MISCONDUCT - AS 11.56.850

Law implicated: AS 11.56.850 - Official Misconduct.

This statute is implicated where a public servant uses official authority in an unauthorized manner to deprive a person of a benefit or subject another person to unauthorized action. The benefit identified here is license/permit release and the ability to work and operate a business.

## EXTORTION / BLACKMAIL CATEGORY - AS 11.41.520

Law implicated: AS 11.41.520 - Extortion.

The conduct identified is the pressure mechanism: pay the alleged fine and get your license. The legal accusation is that MOA used license and permit control as leverage to obtain payment before adjudication. This is the blackmail mechanic and shall be preserved as extortion/coercion exposure for review by counsel, law enforcement, or a court.

## PROPERTY TAKING / DAMAGING - ALASKA CONSTITUTION ARTICLE I, SECTION 18

Law implicated: Alaska Constitution, Article I, Section 18 - Private property shall not be taken or damaged for public use without just compensation.

A license hold and permit hold damage project value, business operation, contract performance, labor revenue, property use, and economic rights. The coffee shop permit hold directly burdens the use and productive value of property.

## INHERENT RIGHTS AND REWARDS OF INDUSTRY - ALASKA CONSTITUTION ARTICLE I, SECTION 1

Law violated/implicated: Alaska Constitution, Article I, Section 1 - inherent rights, liberty, pursuit of happiness, and enjoyment of the rewards of industry.

Using an unproven accusation to block a license and permit interferes with labor, industry, livelihood, and the right to receive the rewards of work.

## EQUAL RIGHTS / SELECTIVE ENFORCEMENT - ALASKA CONSTITUTION ARTICLE I, SECTION 3 AND FOURTEENTH AMENDMENT

Law implicated: Alaska Constitution, Article I, Section 3 - Equal Rights; U.S. Constitution, Fourteenth Amendment - Equal Protection.

If MOA applies this license/permit hold mechanism selectively, arbitrarily, or unequally compared to similarly situated contractors or applicants, equal protection and equal rights violations are implicated.

## FALSE CLASSIFICATION - NO ELECTRICAL WORK IDENTIFIED

The alleged conduct described involved trenching and/or an alleged nicked wire. Trenching is excavation work. A nicked wire is alleged damage/contact. Neither is, by itself, electrical installation, maintenance, repair, alteration, connection, or energizing.

MOA must identify the exact act that qualifies as regulated electrical work. If MOA cannot identify installation, repair, maintenance, alteration, connection, energizing, or electrical system modification, the accusation fails on definition.

No electrical work identified means no proven electrical-work violation.

## UNCONSTITUTIONAL CONDITION

Violation identified: unconstitutional condition on license and permit release.

MOA may not condition release of a license or permit on payment of an unadjudicated accusation. Government cannot force surrender of money, labor, or rights as the price of receiving a license/permit benefit before due process is completed.

## ACCUSER, JUDGE, COLLECTOR, AND GATEKEEPER DEFECT

MOA positioned itself as accuser, enforcement authority, collector, license gatekeeper, and permit gatekeeper. That structure violates neutrality.

Due process requires a meaningful opportunity to be heard before a neutral decision-maker. The same enforcement apparatus cannot make the accusation, presume guilt, demand payment, and hold the license/permit without lawful adjudication.

## RECORDS / FALSE RECORD EXPOSURE

Potential laws implicated if records, notices, service proofs, statements, or internal records are false, altered, concealed, or used to mislead: AS 11.56.815 and AS 11.56.820 - Tampering with Public Records; AS 11.56.210 - Unsworn Falsification.

These sections shall be preserved if MOA records state or imply due process occurred when no lawful due process record exists, or if the alleged electrical work classification is recorded without factual foundation.

## MANDATORY DEMAND

Produce the complete lawful authority and due process record immediately, including: exact written law relied upon; exact definition of electrical work relied upon; exact conduct alleged to constitute electrical work; notice record; evidence record; hearing record; neutral decision-maker; written findings; appeal-rights record; adjudicated fine record; and the authority used to hold the license and coffee shop permit.

If MOA cannot produce the complete lawful due process record, MOA shall release the license and coffee shop permit immediately.

No lawful record means no lawful hold. No adjudication means no lawful fine. No electrical work means no electrical-work violation.

## LAW TABLE

| Authority | Violation / Exposure Identified |
| --- | --- |
| Alaska Const. Art. I, Sec. 7 | Due process deprivation before hearing/adjudication |
| U.S. Const. 14th Amend. | Liberty/property deprivation; equal protection exposure |
| 42 U.S.C. Sec. 1983 | Civil-rights deprivation under color of law |

 EXHIBIT A

| 18 U.S.C. Sec. 242 | Willful rights deprivation under color of law exposure |
| --- | --- |
| AS 11.41.520 | Extortion/blackmail/coercive payment exposure |
| AS 11.56.850 | Official misconduct exposure |
| Alaska Const. Art. I, Sec. 18 | Taking/damaging property and business interests |
| Alaska Const. Art. I, Sec. 1 | Interference with liberty, labor, and rewards of industry |
| Alaska Const. Art. I, Sec. 3 | Equal rights/selective enforcement exposure |
| AS 11.56.815/.820/.210 | False public record/false written statement exposure if records are false |

## REFERENCES NAMED FOR NOTICE PURPOSES

- Alaska Constitution, Article I, Section 1 - Inherent Rights.

- Alaska Constitution, Article I, Section 3 - Equal Rights.

- Alaska Constitution, Article I, Section 7 - Due Process.

- Alaska Constitution, Article I, Section 18 - Eminent Domain / Taken or Damaged Property.

- U.S. Constitution, Fourteenth Amendment - Due Process and Equal Protection.

- 42 U.S.C. Section 1983 - Civil Action for Deprivation of Rights Under Color of Law.

- 18 U.S.C. Section 242 - Deprivation of Rights Under Color of Law.

- AS 11.41.520 - Extortion.

- AS 11.56.850 - Official Misconduct.

- AS 11.56.815 / AS 11.56.820 - Tampering with Public Records.

- AS 11.56.210 - Unsworn Falsification.

## FINAL COMMAND

Release the license and coffee shop permit immediately or produce the complete lawful due process record proving the hold. No lawful record means no lawful hold. No adjudication means no lawful fine. No electrical work means no electrical-work violation. The blackmail mechanism - pay the alleged fine and get your license - is rejected and preserved for constitutional, civil-rights, administrative, and criminal review.

# NOTICE OF CONTINUING LICENSE DEPRIVATION, LABOR BURDEN, PERMISSION DEPENDENCY, AND CONSTITUTIONAL AUTHORITY REVIEW

## CORE CONSTITUTIONAL FOUNDATION

**Government authority is delegated authority.**

**Administrative process alone does not create constitutional authority.**

**The People remain the source of delegated governmental authority through the Constitution.**

All licensing systems, permit systems, fee systems, enforcement procedures, and administrative actions remain subordinate to:

- the United States Constitution;
- the Alaska Constitution;
- due process protections;
- equal protection requirements;
- lawful delegation;
- proportionality limitation;
- and constitutional conformity.

## CORE CONSTITUTIONAL VIOLATION

The constitutional violation identified is not merely whether licensing exists.

The constitutional violation identified is whether delegated authority has expanded into continuing administrative control authority over:

- labor;

 EXHIBIT A

- livelihood;
- permits;
- economic participation;
- property interests;
- and lawful business activity.

Where continuing administrative control authority burdens labor, livelihood, and economic participation without lawful constitutional limitation, due process, neutral adjudication, proportionality, and identifiable delegated authority, constitutional deprivation occurs.

---

# IDENTIFIED OPERATIONAL STRUCTURE

**labor**
**→ license**
**→ permit**
**→ fee**
**→ compliance**
**→ continuing approval**
**→ enforcement**
**→ economic restriction for noncompliance**

The constitutional violation identified is whether lawful labor and livelihood have become structurally dependent upon continuing administrative permission beyond constitutional limitation.

---

# CORE PRINCIPLES IDENTIFIED

**Government did not create labor, productive ability, skill, time, or conscience.**

**Rights and permissions are not identical concepts.**

Licensing authority does not become unlimited authority.

Permit authority does not become unlimited authority.

Fee authority does not become unlimited authority.

EXHIBIT A

Administrative procedure does not eliminate constitutional protections.

---

# IDENTIFIED BURDENS

The following burdens remain identified:

- labor burden;
- livelihood burden;
- permit burden;
- fee burden;
- economic participation burden;
- continuing approval dependency;
- business interruption burden;
- and operational restriction burden.

The identified conduct creates continuing constitutional deprivation where livelihood, labor, economic participation, and licensing become conditioned upon continuing administrative permission without completed due process and neutral review.

---

# CONSTITUTIONAL AUTHORITIES IDENTIFIED

- Fourteenth Amendment — due process protections;
- Alaska Constitution Article I, Section 7;
- 42 U.S.C. § 1983 — deprivation of rights under color of law;
- Marbury v. Madison — unconstitutional application of law is void;
- Yick Wo v. Hopkins — administrative operation remains subordinate to constitutional limitation;
- Murdock v. Pennsylvania — constitutional liberty shall not be converted into a privilege burdened by fees;
- Shuttlesworth v. Birmingham — licensing discretion shall not become uncontrolled authority;
- Bell v. Burson — due process protections before deprivation affecting license/property interests.

---

 EXHIBIT A

# CONSTITUTIONAL CONFRONTATION POINTS

The following constitutional questions remain identified:

1. What exact constitutional authority is relied upon?
2. What exact statutory authority is relied upon?
3. What exact municipal code authority is relied upon?
4. What exact evidence supports the alleged violation?
5. What exact due-process procedure exists?
6. What exact hearing procedure exists?
7. What exact appeal process exists?
8. What exact proportionality analysis exists?
9. What exact measurable safety necessity exists?
10. What exact delegated-authority basis supports the continuing burden imposed upon labor and livelihood?

---

# CORE DEPENDENCY STRUCTURE

The constitutional violation identified is whether delegated safety authority has transformed into continuing permission dependency over labor, livelihood, permits, and economic participation.

The identified violation is whether:

- continuing approval dependency,
- economic punishment for noncompliance,
- permit restriction,
- licensing restriction,
- and administrative control

have expanded beyond lawful constitutional limitation.

Where continuing permission dependency replaces lawful constitutional limitation, continuing deprivation and burden upon livelihood and labor occur.

---

# MEETING POSITION / IDENTIFIED QUESTIONS

# Core Position

No electrical work was performed.

The identified activity involved trenching/excavation only.

The identified issue involves whether trenching activity or a nicked wire lawfully qualifies as "electrical work" sufficient to justify license restriction, fines, deprivation, or continuing administrative burden.

---

# Due Process Position

Before any license hold, fine, restriction, or deprivation is enforced, the following constitutional requirements remain identified:

- lawful definition;
- lawful authority;
- identifiable evidence;
- due process;
- hearing opportunity;
- neutral review;
- and constitutional conformity.

An accusation alone does not eliminate constitutional protections.

An allegation alone does not establish liability.

---

# Identified Questions

1. What exact law defines the identified conduct as electrical work?
2. What exact electrical installation was performed?
3. What exact electrical maintenance was performed?
4. What exact electrical repair was performed?
5. What exact electrical alteration was performed?
6. Was the alleged violation adjudicated before the license hold occurred?
7. Who was the identified neutral decision-maker?
8. What hearing was provided before deprivation?

 EXHIBIT A

9. What exact authority allows continuing license restriction before due process completion?

---

# CONSTITUTIONAL CONFRONTATION POINT

If lawful definition, evidence, hearing procedure, neutral review, delegated authority, and due process cannot be identified, then the continuing deprivation and license restriction operate outside lawful constitutional limitation.

The alleged violation remains an accusation until due process is completed.

---

# FINAL CORE PRINCIPLES

**Labor originates from the individual, not government.**

**Administrative process alone does not create constitutional authority.**

**Rights and permissions are not identical concepts.**

**Constitutional limitation restrains delegated authority.**

All rights reserved.

EXHIBIT A