Geoffrey C. Toy, Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Email: uslit@muni.org
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW TENNANT,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE, et al.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:26-00236 SLG

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

All defendants in this case—the Municipality of Anchorage, Anchorage Water and Wastewater Utility, Scott Campbell, Carl Merchant, Tim Shepard, Ed Sorenson, Kurt Wobick, Megan Simono, John Snelson, Lucas Cleek, Sandra Ovitt, Gregory Soule, Richard E. Dienes-Oehm, and Victor B. Fosberg, represented by the Municipal Attorney's Office—hereby move to dismiss Matthew Tennant's Amended Complaint for failure to state a claim upon which relief can be granted.[1]

---

[1] Plaintiff's first Complaint and the Summons attached to his Amended Complaint list "MOA Building Safety" as a defendant. No such division of the Municipality exists.

In an impermissible shotgun style, one-page complaint, Plaintiff asserts ten enumerated conclusions of law, none supported by any factual allegation or attribution of fault to any specific defendant, and which requests no relief. Because Plaintiff's Amended Complaint does not comply with Federal Rule of Civil Procedure 8, it should be dismissed.

## ARGUMENT

### I.      Plaintiff's Amended Complaint Should Be Dismissed as a Shotgun Pleading that Fails to Plausibly Allege any Violation of Law.

This Court should dismiss Plaintiff's Amended Complaint for failure to state a claim as a matter of law. Shotgun pleading is impermissible, as the Ninth Circuit recently held in *Gibson v. City of Portland*.[2] Among the types of impermissible shotgun pleading is one where a complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."[3] In *Gibson*, the court confronted a § 1983 complaint that—like the one here—arose from alleged civil rights violations involving multiple defendants across multiple government agencies. The Court found that the *Gibson* complaint violated Rule 8 by failing to link "factual averments against specific parties to individual causes of action."[4] As the Ninth Circuit explained, the fundamental problem with shotgun pleadings "is that they make it difficult, if not impossible, for the opposing party to formulate a response."[5] Moreover, in addition to the shotgun aspects at issue here,

---

[2]      165 F.4th 1265, 1287-90 (9th Cir. 2026).
[3]      *Id.* at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025)).
[4]      *Id.* at 1290.
[5]      *Id.* at 1288.

all complaints "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] As the Supreme Court has explained, the Rule 8 standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] A Complaint does not meet the Rule 8 standard if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8] A complaint must instead flesh out its claims with "factual content that," taken as true for purposes of deciding the motion to dismiss, "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

Here, Plaintiff's Amended Complaint violates all of these bedrock pleading requirements. The Amended Complaint consists of a single page containing ten numbered conclusory assertions (e.g. Paragraph 2 states only "Constitutional Violation").[10] No allegation is supported by any facts stating a claim. And, Plaintiff's Amended Complaint does not demand any specific relief, in violation of Rule 8(a)(3). Plaintiff's Amended Complaint is exactly the kind of unadorned set of assertions that the Supreme Court held fails to meet the Rule 8 standard.

On top of its facial inadequacy under Rule 8, Plaintiff's Amended Complaint also constitutes impermissible shotgun pleading. Of the four main types of impermissible shotgun pleadings identified in *Gibson*, Plaintiff's Amended Complaint falls into the fourth

---

[6]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).
[7]     *Id.*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).
[8]     *Id.* (quoting *Twombly* at 557).
[9]     *Id.*
[10]    Amended Complaint at ¶ 2.

type: complete failure to differentiate among defendants. This type of shotgun pleading is "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."[11] Here, Plaintiff has named the Municipality (as the nonexistent "Building Safety" department, likely referencing Development Services, and as the Anchorage Water and Wastewater Utility) and twelve individual officers and employees of those two separate municipal entities as defendants. But Plaintiff's Amended Complaint contains no factual allegations of any act or failure to act by any one of the fourteen defendants, rendering it impossible for Defendants to respond to Plaintiff's claims. This mass inclusion of defendants without any specificity as to what claims Plaintiff wishes to bring against each defendant constitutes impermissible shotgun pleading in violation of Rule 8.

This case warrants dismissal under *Gibson*. "Rule 8 provides district courts with an additional tool that they may use to dismiss shotgun pleadings when identified."[12] Because "a fundamental purpose of Rule 8" is to "provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief," pleadings like Plaintiff's Amended Complaint that do not tie factual allegations to specific claims against specific defendants are not permitted by Rule 8.[13] "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims

---

[11]      *Gibson*, 165 F.4th at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025)).
[12]      *Id.* at 1290.
[13]      *Id.*

Motion to Dismiss
*Tennant v. Municipality of Anchorage, et al.*; Case No. 3:26-00236 SLG
Page 4 of 6

that might fit the facts."[14] This tool may and has been used to dismiss cases brought by self-represented litigants,[15] and was recently used by this Court to dismiss a shotgun complaint brought by another self-represented litigant.[16] Because this is already Plaintiff's second complaint, the Defendants request that, if the Court decides "to afford [Plaintiff] one last opportunity to make [himself] understood,"[17] the Court should make clear that any subsequent failure to comply with Rule 8 will result in dismissal with prejudice.

## CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint should be dismissed with instructions that leave to file a subsequent amended complaint will only be given if the complaint is not a shotgun pleading and complies with Rule 8 by specifying which specific defendants are alleged to have engaged in what specific conduct, allegedly in violation of which specific provisions of law.

Respectfully submitted this 23rd day of June, 2026.

EVA R. GARDNER
Municipal Attorney

By: _/s/ Geoffrey C. Toy_ ____
Geoffrey C. Toy
Assistant Municipal Attorney

---

[14] *Id.* at 1289.

[15] *See, e.g*, *Ngaruiya v. Deutsche Bank*, 2026 WL 933393 at *5 (D. Ariz. April 6, 2026) (dismissing first amended complaint filed by pro se litigant as impermissible shotgun pleading); *Austin v. Unknown Defendant*, 2026 WL 1133271 at *4-5 (E.D. Cal. April 27, 2026) (dismissing first amended complaint filed by pro se litigant as impermissible shotgun pleading); *Scott v. Meta Platforms Inc.*, 2026 WL 593341 at *8 (N.D. Cal. March 3, 2026) (dismissing complaint filed by pro se litigant as impermissible shotgun pleading).

[16] *See Jackson v. Campbell*, No. 3:25-cv-00359 (D. Alaska June 4, 2026).

[17] *Gibson*, 165 F.4th at 1290.

P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
E-mail: uslit@muni.org
Alaska Bar No. 2210076
*Attorney for Defendants*

Certificate of Service
The undersigned hereby certifies that on June 23, 2026, a
true and correct copy of the foregoing was served on:

Matthew A. Tennant
822 Cherry Street
matthewtennant@me.com
Anchorage, AK 99504

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

/s *Marie Stafford*
Marie Stafford, Legal Secretary
Municipal Attorney's Office