IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MATTHEW TENNANT,<br><br>Plaintiff,<br>v.<br><br>MUNICIPALITY OF ANCHORAGE, *et al*.,<br><br>Defendants. | Case No. 3:26-cv-00236-SLG |

## ORDER ON FIVE PENDING MOTIONS

This order resolves the following five pending motions:

1. At Docket 7 is Defendants Municipality of Anchorage, *et al*.'s Motion to Dismiss for Failure to State Claim. No response was filed.

2. At Docket 10 is self-represented Plaintiff Matthew Tennant's Motion to Remand, to which Defendants responded in opposition at Docket 13.

3. At Docket 11 is Plaintiff's Motion for Defendant-Specific Determination of Appearance, Response, and Default Status; Entry of Default Against AWWU if the Record Establishes Eligibility; Order to Show Cause; and Evidentiary Hearing, to which Defendants responded in opposition at Docket 15.

4. At Docket 12 is Plaintiff's Motion to Sever and Disqualify Attorney, and to Vacate Removal to Federal Court, to which Defendants responded in opposition at Docket 14.

5. At Docket 17 is Plaintiff's Motion for Judicial Notice Status Conference and Request for Oral Argument on Pending Motions. Defendants filed an opposition to the motion at Docket 18.

The Court addresses the motions as follows:

***Plaintiff's Motion at Docket 17 for Oral Argument or Status Conference***

This motion is DENIED because oral argument on the pending motions was not necessary to the Court's determination. As explained below, Plaintiff will be permitted an opportunity to file an amended complaint. If Plaintiff states viable claims in such an amended complaint, the Court will thereafter conduct a status conference to the extent necessary to schedule further proceedings in this matter. Such a conference would be premature at this time.

***Plaintiff's Motion at Docket 10 to Remand***

This motion is DENIED because Plaintiff's Amended Complaint, brief though it is, clearly raises a federal question when it cites to "taking clause of easement: 5th amendment violation."[1] Jurisdiction based on questions of federal law is independent from diversity jurisdiction, such that the forum-defendant rule does not apply.[2] And, for the reasons set forth by Defendants in their opposition to the

---

[1] *See* Docket 1-1 at 1.

[2] 28 U.S.C. § 1441(b)(2).

motion, there were no procedural defects in Defendants' exercise of their right to removal based on federal question jurisdiction.[3]

That being said, the Supreme Court has recently held that "w]hen an amendment [of a complaint] excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court."[4] As explained below, Plaintiff is being accorded an opportunity to file an amended complaint. If that amended complaint contains only state law claims, Plaintiff may then seek to remand this action to the state court.

***Plaintiff's Motion at Docket 11***

In this motion, Plaintiff "requests entry of default only against a defendant for whom the actual service record, applicable deadline, and absence of a timely defense are established."[5] For the reasons set forth by Defendants in their opposition to this motion, it must be DENIED because no Defendant is in default, and no answer is required until Defendants' motion to dismiss is decided, and then, only if that motion is denied.[6]

---

[3] *See* Docket 13 at 4-5.

[4] *Royal Canin U.S. A. v. Wullschleger*, 604 U.S. 22, 25-26 (2025).

[5] Docket 11 at 1.

[6] *See* Rule 12(a)(4), Federal Rules of Civil Procedure.

***Plaintiff's Motion to Sever at Docket 12***

This motion renews the request to remand this case back to the state court, which has been denied for the reasons set forth above. It also maintains that the Municipal Attorney's Office cannot represent each of the Defendants that Plaintiff has named in his Complaint. This motion is without merit; it is DENIED for the reasons set forth by Defendants in their opposition at Docket 14.

***Defendants' Motion to Dismiss for Failure to State a Claim at Docket 7***

In this motion, Defendants seek to dismiss Plaintiff's Amended Complaint filed in this Court at Docket 1-1. Defendants assert that Plaintiff's one-page Amended Complaint "asserts ten enumerated conclusions of law, none supported by any factual allegation or attribution of fault to any specific defendant, and which requests no relief."[7] Defendants cite to a recent decision of the Ninth Circuit Court of Appeals, *Gibson v. City of Portland*,[8] which rejected a similar type of complaint. As noted above, Plaintiff did not file any response to this motion.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[9]

---

[7] Docket 7 at 2.

[8] 165 F.4th 1265 (9th Cir. 2026).

[9] *Gibson,* 165 F. 4th at 1274 (*citing Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

"Dismissal . . . is appropriate when the complaint fails to state sufficient facts creating a plausible claim for relief."[10]

Plaintiff's Amended Complaint clearly fails to state a plausible claim against any of the multiple named Defendants. In *Gibson,* the Ninth Circuit explained, "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts."[11] Further, "permitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8" of the Federal Rules of Civil Procedure.[12] And Plaintiff's claims in the Amended Complaint are "conclusory and vague," which is also a basis for dismissal.[13] Further, when a complaint names multiple defendants, as is the case here, it must identify the specific conduct of each defendant that gives rise to the specific claim against that defendant, so as to give each defendant notice of the claim(s) against that defendant.[14] Plaintiff's Amended Complaint completely fails to do so, as it contains "no factual allegations of any act or failure to act by any one of the fourteen defendants."[15]

---

[10] *Id.* (quotation omitted).

[11] *Gibson,* 165 F. 4th at 1289.

[12] *Id.* at 1290

[13] *Id.* at 1292.

[14] Id. at 1293.

[15] Docket 7 at 4.

For these reasons, the Amended Complaint must be dismissed. However, Plaintiff will be accorded an opportunity to file another amended complaint that attempts to correct the deficiencies in the Amended Complaint identified in this order. An amended complaint replaces the prior complaint in its entirety.[16] When an amended complaint is filed, the Court treats any previous complaint(s) as non-existent, so Plaintiff must not incorporate by reference any prior pleading, including attachments to a prior complaint. Although a plaintiff may attach relevant documents to a complaint, he must include all relevant information in the body of the complaint itself and include in the complaint specific citations to any attachments filed in support of his claims. It is not the Court's responsibility to review filings, exhibits, or additional external information to identify possible claims. Instead, all necessary information must be included within the body of the amended complaint itself.[17]

An amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being

---

[16] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[17] *See Amina v. WMC Finance Co.,* 329 F.Supp.3d 1141 (2018).

repeated anywhere in the amended complaint.[18] If handwritten, an amended complaint must be legible.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to Dismiss at Docket 7 is **GRANTED**; Plaintiff's Amended Complaint at Docket 1-1 is DISMISSED for failure to state a claim.
2. Plaintiff's motions at Dockets 10, 11, 12, and 17 are each **DENIED.**
3. Plaintiff is accorded 30 days from the date of this order to file either:
   a. Second Amended Complaint, in which Plaintiff revises his Amended Complaint to address the deficiencies identified in this order; OR
   b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.
4. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 30 days of the date**

[18] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

**of this order**, this case shall be dismissed without further notice to Plaintiff for failure to state a claim.

IT IS SO ORDERED this 6th day of November 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE